*1210 OPINION.
Morris :
The respondent contends that the Board has no jurisdiction as to 1918 because no deficiency has been asserted as to that year. We must sustain his contention. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255. See also Appeal of Stange-Elliott Coal Co., 4 B. T. A. 745; Appeal of John F. Cook, 4 B. T. A. 916; Appeal of Florence M. Smith, Executrix, 5 B. T. A. 225; Appeal of C. Willenborg & Co., 5 B. T. A. 788.
The remaining question is whether the petitioner should be affiliated with the Starrett Manufacturing Co. Affiliation, if it exists, must be based on ownership or control of substantially all the stock. Appeal of Tunnel Railroad of St. Lows, 4 B. T. A. 596. The control required by the statute is control of the voting stock, and this control must be shown to be genuine, and must be actually exercised. Appeal of Isse Koch & Co., 1 B. T. A. 624. Control of the business with a quiescent minority is not sufficient, nor is the fact that there is unity of purpose and harmonious cooperation sufficient to satisfy the statutory requisites for affiliation. Rishell Phonograph Co., 2 B. T. A. 229. Tunvnel Railroad of St. Louis, supra. We have also said, in the Appeal of Cleveland & Mahoning Valley Railway Co., 4 B. T. A. 1040, that “ it will be noted that the words controls ’ and ‘ controlled ’ *1211 as used in section 240 (b) of the Revenue Act of 1918 are not in any manner limited or qualified. In the absence of any qualification these words must be taken to mean full and complete control.” Whether or not in the instant case the same interests control substantially all of the stock will be determinative of whether or not affiliation should be allowed.
It appears from the facts that two-thirds of the stock of the Star-rett Company was owned outright by stockholders of the petitioner during 1919. The remaining one-third was owned by Starrett who was president of the company and closely connected with the principal stockholders of the petitioner. The Board has held that where there has been a two-thirds ownership of the stock of one company, that this is not sufficient to constitute substantially all as required by the statute. Appeal of Madera Yosemite Big Tree Auto Co., 2 B. T. A. 346; Appeal of United Metal Spinning Co., 2 B. T. A. 520; Appeal of Greenville Coaling & Export Corporation, 4 B. T. A. 183. There is no evidence that the stock held by Starrett was controlled by the stockholders of the Benjamin Company. The fact that Star-rett worked with and did not oppose the actions of the majority stockholders is not sufficient evidence in our opinion to hold that the stock owned by Starrett was controlled by the other stockholders. Nor do we believe that the by-law giving to a two-thirds majority of the directors the right to remove an officer of the corporation, is a good and sufficient reason for saying that the Benjamin stockholders exercised control over the stock held by Starrett. We are not unmindful of the powers conferred upon a two-thirds vote of the stockholders of a corporation by the Illinois statute. Such powers, although seemingly unlimited, relate to the control of the corporation, and not to the minority stock, and such statute can not supplant the express wording of section 240 that substantially all of the stock must be owned or controlled by the same interests.
Our decision in this case, however, need not rest upon the percentage of ownership, and control, if any, that was exercised over Starrett’s stock. Assuming that substantially all of the stock of the Starrett Company was owned or controlled by stockholders of the Benjamin Company, those said stockholders did not own or control substantially all of the stock of the latter company. An examination of the stock held by stockholders common to both corporations shows that the same interests owned 49.1 per cent on January 1, 1919, and 48.5 per cent on December 31, 1919, of the outstanding stock of the petitioner. At no time during 1919 did the same interests own 50 per cent of the outstanding stock. While we recognize that ownership and control are both provided for by the statute, we do not find that there has been sufficient evidence adduced to show *1212 control by Benjamin, Steele, Jones, Addington, and Kodjbanoff of the stock held by the other stockholders.
The petitioner would have us exclude from consideration all the stock held by the first preferred stockholders for the reason that it was offered and sold as an investment stock and the holders thereof took no active part in the corporate affairs. In support of its position the petitioner cites the decision of the Board in the Appeal of Mahoning Coal Railroad Co., 4 B. T. A., 923. It should be noted that the closely affiliated interests in the Mahoning case held 74 to 80 per cent of the stock, while here the same interests held no more than 49.1 per cent in one corporation and 66% per cent in the other. We believe that under these facts the cases are easily distinguishable.
The petitioner has also laid considerable stress upon our opinion in the Midland Refining Co., 2 B. T. A. 292, and asserts that the instant case and the facts in the Midland case are practically identical. We do not feel that this argument is tenable in view of the facts in that case. The facts in the Midland case show that 62.71 per cent of the stock of one company and 51.07 per cent of the stock in the other corporation were owned by three men, and that approximately 80 per cent of the stock was held by persons owning stock in both corporations. Here the same interests never owned more than 49.1 per cent of the petitioner and 66% per cent of the Starrett Company.
We do not feel therefore, that the same interests owned or controlled substantially all of the stock of the two corporations. It is true that Fall worked with the principal stockholders toward an harmonious end, and it seems likewise to be true that the two corporations worked together as a business unit but control of the business is not sufficient to meet the requirements for affiliation. Appeal of Norwich & Worcester Railroad Co., 2 B. T. A. 215; Appeal of Watsontown Brick Co., 3 B. T. A. 85; Appeal of Tunnel Railroad of St. Louis, 4 B. T. A. 596; Adaskin-Tilley Furniture Co. v. Commissioner, 6 B. T. A. 316. In the Tunnel Railroad of St. Louis case we said “we could not so far disregard the language of the statute as to hold that control of the property and business of the corporation is control of the stock.”

Judgment will he entered for the respondent.